Kevin T. Cauley (SBN 105082)
kevin@sscelaw.com
Mark E. Bale, Esq. (SBN 174921)
mark@sscelaw.com
**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. (619) 236-8821
Facsimile No. (619) 236-8827

Attorneys for Plaintiff
OCEANWIDE REPAIR, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANWIDE REPAIR, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>MARE ISLAND DRY DOCK, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:26-cv-00074-JDP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES ON BREACH OF CONTRACT, FOR QUANTUM MERUIT, OPEN BOOK ACCOUNT, AND ACCOUNT STATED**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff OCEANWIDE REPAIR, LLC complains and alleges as follows:

### JURISDICTION

1.    Jurisdiction is proper in this Court as this case presents a Federal Question under 28 U.S.C. § 1333 *et seq.* ("Admiralty/Maritime"). The Court has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

2.    Venue in this Court is proper as MARE ISLAND DRY DOCK, LLC is doing business in Vallejo, California. Venue in this District is also proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

3.    At all times relevant herein, Plaintiff OCEANWIDE REPAIR, LLC ("Plaintiff") was and now is a limited liability company duly organized and existing under the laws of the State

FIRST AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

of California, doing business and having its principal place of business in the County of Los Angeles, State of California.

4.    At all times relevant herein, Defendant MARE ISLAND DRY DOCK, LLC ("MARE ISLAND") was and now is a Delaware corporation duly organized and existing under the laws of the State of Delaware. Plaintiff is informed and believes and thereon alleges that MARE ISLAND has its principal place of business in the City of Vallejo, County of Solano, State of California.

5.    Plaintiff is informed and believes that Defendant MARE ISLAND and DOES 1-25, Master Ship Repair contractor, entered into a contract with the Department of the Navy ("United States"), property owner, to perform work for repair and maintenance of systems on the USNS Millinocket and USCG Polar Star ("the PROJECTS").

6.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by fictitious names. Their true names and capacities will be alleged by amendment when the same are known. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused damages proximately thereby to Plaintiff.

7.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants herein, including those fictitiously named, were the agents, representatives, employees, partners, joint venturers, or sureties of the other, or otherwise acting on behalf of the other, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities of said agency, employee, partnership, venture, or suretyship of the other, with the full knowledge, permission, consent, or ratification of the other.

8.    Plaintiff is informed and believes and thereon alleges that all times herein mentioned each defendant was completely dominated and controlled by their co-defendants, including those fictitiously named, and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by defendant or defendants, such

FIRST AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

allegations and references shall also be deemed to have been the conduct of each defendant, acting individually, jointly, or severally.

## FIRST CAUSE OF ACTION

### (Breach of Contract against MARE ISLAND

### DRY DOCK, LLC and DOES 1-25)

9. Plaintiff herein incorporates by reference paragraphs 1 through 8 of the Complaint.

10. On or about March 26, 2025, Defendant MARE ISLAND and DOES 1-25 entered into a series of written purchase orders with Plaintiff to perform certain repair and maintenance work at the PROJECTS. Under the terms of that agreement, Plaintiff was required to provide labor, materials, services, and equipment for repair and maintenance of ship systems at the PROJECTS. The agreement required MARE ISLAND and DOES 1-25 to pay Plaintiff for such labor, materials, services, and equipment in accordance with the established contract price. A true and correct copies of the purchase orders are attached hereto as Exhibit "A," "B," and "C."

11. Plaintiff furnished labor, material, services, and equipment pursuant to the written contract between Plaintiff and Defendant MARE ISLAND and DOES 1-25 and at the specific request of MARE ISLAND and DOES 1-25, in the execution of the work required in the agreement by MARE ISLAND.

12. Plaintiff performed all work required by the above-referenced written agreement, all work required by modifications to the agreement, and all other conditions established by the agreement, except that work and those modifications and conditions that Plaintiff was legally excused from performing.

13. Plaintiff became entitled to payment in the sum of $361,723.00 in consideration of labor, materials, and services provided under the written agreement and modifications to the agreement. MARE ISLAND and DOES 1-25 breached the agreement in that they only paid Plaintiff the sum of zero; but there remains $361,723.00 due and owing to Plaintiff for the value of labor, services, materials, equipment, and supplies provided to the PROJECTS at the direction of MARE ISLAND.

FIRST AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

14.    Plaintiff last furnished labor, material, services, and equipment to the PROJET within the year immediately preceding the date this Complaint was filed.

15.    The written agreement provides for payment of attorneys' fees to the prevailing party in the event that any litigation is initiated to resolve any dispute under the agreement.

16.    Thus, Defendant MARE ISLAND and DOES 1-25 have breached the terms of the subcontract with Plaintiff by failing to make payment in full to Plaintiff for its work, despite the demand that they do so. To date, Plaintiff has incurred damages in amount according to proof in the sum of at least $361,723.00, plus interest, attorney's fees, and costs.

## SECOND CAUSE OF ACTION

### (Quantum Meruit against MARE ISLAND

### DRY DOCK, LLC and DOES 1-25)

17.    Plaintiff herein incorporates by reference paragraphs 1 through 16 of the Complaint.

18.    Within the last three years, Plaintiff rendered work, labor, services, and equipment to Defendant MARE ISLAND and DOES 1-25 for which Defendant MARE ISLAND and DOES 1-25 expressly and impliedly promised to pay Plaintiff the reasonable value of such services.

19.    At all times herein, the above services were and are the reasonable value of $361,723.00, however MARE ISLAND and DOES 1-25 only paid Plaintiff the sum of zero; but there remains $361,723.00 due and owing to Plaintiff.

20.    Although Plaintiff has demanded said payment from Defendant MARE ISLAND and DOES 1-25, there remains due, owing, and unpaid from Defendant MARE ISLAND to Plaintiff an amount according to proof but at least the sum of $361,723.00 plus interest thereon.

## THIRD CAUSE OF ACTION

### (Open Book Account against MARE ISLAND

### DRY DOCK, LLC and DOES 1-25)

21.    Plaintiff herein incorporates by reference paragraphs 1 through 16 of the Complaint.

FIRST AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

22. As an alternative and cumulative remedy, Plaintiff alleges that MARE ISLAND and DOES 1-25, inclusive, became indebted to Plaintiff within the last four years on an open book account for goods, wares and merchandise rendered at the special instance and request of Defendants and for which Defendants promised to pay Plaintiff.

23. Although demand for payment of the sum of $361,723.00 has been made upon Defendant(s), and each of them, Defendant(s) and each of them, have failed and refused and continue to fail and refuse to pay all of any par of said sum. The sum of $361,723.00 remains now due, owing and unpaid from Defendants to Plaintiff, together with interest at the rate of 10% per annum from on and after December 31, 2025.

24. Plaintiff is entitled to attorney fees pursuant to California Civil Code section 1717.5, in a sum according to proof.

### FOURTH CAUSE OF ACTION

**(Account Stated against MARE ISLAND**

**DRY DOCK, LLC and DOES 1-25)**

25. Plaintiff herein incorporates by reference paragraphs 1 through 16 of the Complaint.

26. As an alternative and cumulative remedy, Plaintiff alleges MARE ISLAND and DOES 1-25, inclusive, became indebted to Plaintiff because an account was stated in writing by and between Plaintiff and Defendant(s) in which it was agreed that Defendants were indebted to Plaintiff for goods, wares, and merchandise in the sum of $361,723.00.

27. Although demand for payment of the sum of $361,723.00 has been made upon Defendant(s), and each of them, Defendant(s), and each of them, have failed and refused and continue to fail and refuse to pay said sum. The sum of $361,723.00 remains now due, owing and unpaid from Defendant(s) to Plaintiff, together with interest at the rate of 10% per annum from on and after June 3, 2022.

///

///

///

FIRST AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff OCEANWIDE REPAIR, LLC prays for judgment as follows:

1.    On the First Cause of Action for Breach of Contract: Judgment against MARE ISLAND DRY DOCK, LLC and DOES 1-25 in an amount according to proof in the sum of at least $361,723.00 with interest thereon from a date as shall be determined at trial, and for attorney's fees as provided for by the contract between Plaintiff and MARE ISLAND DRY DOCK, LLC;

2.    On the Second Cause of Action for Quantum Meruit: For Judgment against MARE ISLAND DRY DOCK, LLC and DOES 1-25 in an amount according to proof in the sum of at least $361,723.00 with interest thereon from a date as shall be determined at trial;

3.    On the Third Cause of Action for Open Book Account: For the principal sum of $361,723.00 with interest thereon from a date as shall be determined at trial and for attorney's fees pursuant to California Civil Code Section 1717.5 in a sum according to proof.

4.    One the Fourth Cause of Action for Account Stated: For the principal sum of $361,723.00 with interest thereon from a date as shall be determined at trial.

5.    For costs of suit herein incurred; and

6.    For such other and further relief as the Court may deem just and proper.

DATED: January 20, 2026                    Respectfully submitted,

                                           SCHWARTZ SEMERDJIAN CAULEY
                                           SCHENA & BUSH LLP


                                           By:  /s/ Kevin T. Cauley
                                               Kevin T. Cauley
                                               kevin@sscelaw.com
                                               Mark E. Bale
                                               mark@sscelaw.com
                                               Attorneys for Plaintiff
                                               OCEANWIDE REPAIR, LLC

FIRST AMENDED COMPLAINT
                                           DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Pursuant to Civil Local Rule 201, Plaintiff OCEANWIDE REPAIR, LLC hereby demands a trial by jury.


DATED: January 20, 2026                    Respectfully submitted,

SCHWARTZ SEMERDJIAN CAULEY
SCHENA & BUSH LLP


By:  /s/ Kevin T. Cauley
Kevin T. Cauley
kevin@sscelaw.com
Mark E. Bale
mark@sscelaw.com
Attorneys for Plaintiff
OCEANWIDE REPAIR, LLC

FIRST AMENDED COMPLAINT
DEMAND FOR JURY TRIAL